**TRANSLINEAR, INC., Plaintiff,**

v.

**The REPUBLIC OF HAITI, et al., Defendant.**

Civ. A. No. 81–2648.

United States District Court, District of Columbia.

April 7, 1982.

---

John B. Geddie, Houston, Tex., Loren Kieve, Steptoe & Johnson, Washington, D. C., for plaintiff.

Richard Hibey, Anderson, Hibey, Nauheim & Blair, Washington, D. C., for defendant Republic of Haiti.

## MEMORANDUM OPINION

JOHN H. PRATT, District Judge.

This case concerns a dispute between the parties involved in a project to develop commercially the Haitian island of Tortue (in English, Tortuga). Translinear, a Texas corporation which undertook much of the development work, brings a contract action against the Republic of Haiti, The Bank of Development of the Republic of Haiti (Development Bank), and Jean Claude Duvalier, the Republic's "President-for-Life."[1] On October 21, 1981, the United States District Court for the Southern District of Texas transferred the case to this Court. Defendant Republic of Haiti has moved for summary judgment on the grounds that plaintiff's claims are barred by the District of Columbia three year statute of limitations on contract actions. D.C.Code § 12–301(7) (1981). Plaintiff has moved to transfer the case to the United States District Court for the Northern District of Texas. For the reasons which follow, we deny defendant's motion for summary judgment and grant plaintiff's motion to transfer.

### Background

In 1970, the Republic of Haiti contracted with Dupont Caribbean, Inc. (DCI), a Texas corporation, to develop the Haitian island of Tortue as a tourist area. Translinear, through a subcontract with DCI, undertook to attract investors for the development project and commenced construction on Tortue of basic facilities such as roads and an airstrip. In 1973, as a result of a dispute between the contracting parties, Haiti and the Development Bank successfully brought legal action in Haiti to obtain judicial can-

---

1. As yet, service has not been effected on the Bank of Development of the Republic of Haiti, or on President Duvalier.

cellation of the contract with DCI. Plaintiff contends that the Haitian defendants encouraged Translinear to assume DCI's responsibilities for the development of Tortue. From 1973 to 1975 representatives of the Republic of Haiti and the Development Bank conducted negotiations with Translinear. Translinear alleges that it broke off such negotiations after Haitian officials demanded a bribe from Translinear as a precondition to contract formalization. Plaintiff reported the bribery attempt to the United States Government and officers of Translinear testified about the incident before a Congressional Committee. Subsequently, the Republic of Haiti terminated all contract negotiations with Translinear and refused to pay the company for the work which it allegedly had performed.

On May 12, 1976, Translinear's President wrote to the Haitian Ministry of Finance and Economic Affairs to protest Haiti's treatment of Translinear. On December 13, 1979, Translinear filed suit against defendants in the District Court of Harris County, Texas. The action was timely filed under the applicable Texas statute of limitations. Vernon's Annot.Civ.Stat.Tex. Art. 5527. Plaintiff's claim is based on breach of implied contract, quantum meruit, and restitution.

On May 4, 1980, defendant Republic of Haiti petitioned for removal of the action to the United States District Court for the Southern District of Texas pursuant to 28 U.S.C. § 1441(d). Having remanded the case to the Southern District of Texas, defendant then moved to dismiss the action for, of all reasons, improper venue, or to transfer the case to this Court. On October 21, 1981, Judge Norman W. Black (S.D. Tex.) ordered the case transferred to the United States District Court for the District of Columbia pursuant to 28 U.S.C. § 1391(f)(4) (venue in D.D.C. for actions brought against a foreign state) and 28 U.S.C. § 1406(a) (transfer for improper venue). The Court gave no further explanation for its action. Defendant Republic of Haiti has moved in this Court for summary judgment on the grounds that plaintiff's action is barred by the District of Columbia statute of limitations. Plaintiff has moved to transfer the case to the Northern District of Texas.

## DISCUSSION

I. *Defendant's Motion for Summary Judgment*

█ The Republic of Haiti contends that plaintiff's claim is barred by the three year statute of limitations for contract actions under District of Columbia law. D.C.Code § 12–301(7) (1981). Plaintiff responds that the four year statute of limitations for contract actions under Texas law applies to the present action. Vernon's Civ.Stat.Tex. Art. 5527. The determining factor is whether the transfer of the case from the Southern District of Texas was pursuant to 28 U.S.C. § 1406(a) (improper venue in the transferor court) or 28 U.S.C. § 1404(a) (venue is proper in the transferor court but case transferred in the "interest of justice"). If the Texas Court correctly concluded that transfer was required due to improper venue, then we must apply the statute of limitations provision which would have been applied had the case originally commenced in this Court. *Martin v. Stokes*, 623 F.2d 469, 471–72 (6th Cir. 1980). In contrast, if venue was proper in the Southern District of Texas, thereby making the appropriate basis for transfer 28 U.S.C. § 1404(a), we must apply the statute of limitations which would have been applicable had the action proceeded in the transferor court. *Van Dusen v. Barrack*, 376 U.S. 612, 84 S.Ct. 805, 11 L.Ed.2d 945 (1964).

Plaintiff originally commenced this action in the state courts of Texas. Defendant successfully petitioned to remove the case to the United States District Court for the Southern District of Texas pursuant to 28 U.S.C. § 1441(d). That section provides in pertinent part,

Any civil action brought in a State court against a foreign state as defined in section 1603(a) of this title may be removed by the foreign state to the district court of the United States for the district and division embracing the place where such action is pending.

Section 1441(d) governs the venue of an action removed from state court. Under its clear terms, venue is appropriate in the federal district "embracing the place where such action is pending." *Willner v. Thompson*, 285 F.Supp. 394, 395 (E.D.N.Y.1968).

■ Defendant insists that under 28 U.S.C. § 1391(f), which sets forth the general federal venue requirements for actions against foreign states, venue was improper in the Southern District of Texas. However, 28 U.S.C. § 1391(f) applies only to actions which originally are "brought" in federal court. In that the present case was initially brought in state court and removed to federal court, section 1391(f) does not serve to render venue improper in the Southern District of Texas.[2] *Polizzi v. Cowles Magazines, Inc.*, 345 U.S. 663, 665–66, 73 S.Ct. 900, 902–03, 97 L.Ed. 1331 (1953); *Minnesota Mining and Manufacturing Co. v. Kirkevold*, 87 F.R.D. 317, 321–22 (D.Minn.1980). That Court was the appropriate forum for venue purposes under section 1441 and, accordingly, the Court erred in basing the transfer of the action on 28 U.S.C. § 1406(a). The appropriate basis for transfer was section 1404(a) and, as a result, we must apply the statute of limitations which would have been applied had the action proceeded in the transferor court—namely the Texas statute of limitations.

## II. *Plaintiff's Motion to Transfer*

Plaintiff moves to transfer this case to the Northern District of Texas on the grounds that venue in this Court is improper. 28 U.S.C. § 1406(a). Alternatively, plaintiff urges us to transfer the case "for the convenience of parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). We disagree with plaintiff's assertion that venue is improper in the District of Columbia, but we grant its motion to transfer the case for the prudential considerations outlined in section 1404(a).

■ This is a Court of proper venue to hear the present action. The Republic of Haiti, as a foreign state, is subject to suit in the United States District Court for the District of Columbia. 28 U.S.C. § 1391(f)(4). The two additional, and as yet unserved defendants, as aliens who are not agencies or instrumentalities of a foreign state (See Ex. 7 of Defendants' Amended Petition for Removal), are subject to suit in any district. 28 U.S.C. § 1391(d).[3]

■ The United States District Court for the Northern District of Texas is also a forum of proper venue to adjudicate the present action. A foreign state is subject to suit "in any judicial district in which a substantial part of the events or omissions giving rise to the claim occurred...." 28 U.S.C. § 1391(f)(1). Plaintiff's offices were located in Dallas, Texas during the period in which the events at issue took place. Some of the development services for which plaintiff claims it is entitled to payment from defendant were performed through plaintiff's Dallas offices. The offices of DCI, with which plaintiff subcontracted at the outset of the Tortue project, were located in the Northern District of Texas at that time.[4] Haitian officials met with repre-

2. Once a case is removed to federal court pursuant to 28 U.S.C. § 1441, section 1391 is the applicable venue provision in the event that the court to which the action has been removed decides to transfer the case to another federal district. *Leinberger v. Webster*, 66 F.R.D. 28, 33–34 (E.D.N.Y.1975). In other words, the federal court which receives the case from state court need not satisfy the venue requirements contained in section 1391. However, should that court decide to transfer the case, the transferee court must satisfy section 1391.

3. Plaintiff contends that defendants Development Bank and President Duvalier may be sued only in a district in which a "substantial part of the events or omissions giving rise to the claim occurred." 28 U.S.C. § 1391(f)(1). However, § 1391(f) applies only to "foreign state[s]" as defined in 28 U.S.C. § 1603(a). Neither of these two defendants appear to satisfy that definition. As a result, each may be classified as an "alien" and therefore subject to suit in any judicial district. 28 U.S.C. § 1391(d).

4. Defendant contends that events involving DCI are not part of Translinear's cause of action against defendant and therefore are irrelevant for purposes of 28 U.S.C. § 1391(f)(1). However, the activities of DCI are intrinsically connected with the course of the Tortue project and the merits of Translinear's claim for pay-

sentatives of DCI and Translinear in Texas in connection with the project. In light of that factual background, the Republic of Haiti is subject to suit in the Northern District of Texas. As noted above, defendants Development Bank and Jean Claude Duvalier will be subject to suit in that forum as "aliens" if they are eventually served. 28 U.S.C. § 1391(d).

 The conclusion that a substantial part of the events involved in this case occurred in the Northern District of Texas supports plaintiff's motion to transfer this case to that District pursuant to section 1404(a). Many of the witnesses are located in the Northern District, while none are located in the District of Columbia. Business arrangements in connection with the development of Tortue were discussed and finalized in the Northern District. None of the events at issue occurred in the District of Columbia. It will be no more inconvenient for defendants to travel to Texas than to travel to the District of Columbia. We conclude that "the balance of conveniences and the interests of justice favor a trial in the proposed transferee forum." *St. Cyr v. Greyhound Lines, Inc.*, 486 F.Supp. 724, 727 (E.D.N.Y.1980).

## CONCLUSION

It would be a travesty of justice to permit defendant to successfully juggle the venue provisions of the United States Code to obtain a transfer to this Court under section 1406(a) and then attempt to plead the bar of the District of Columbia statute of limitations when the case was timely filed in Texas.

We conclude that defendant Republic of Haiti's motion for summary judgment should be denied. Further, we find that plaintiff's motion to transfer this action to the United States District Court for the Northern District of Texas should be granted.

An order consistent with the foregoing has been entered this day.

ment as a result of its participation in that