Fontini **KOTSONIS, individually and as Administratrix of the Estate of Padias Kotsonis, Plaintiff,**

v.

**SUPERIOR MOTOR EXPRESS, Earnhardt Lumber Co., and the Estate of Kenneth Edward Bentley, Defendants/Third Party Plaintiffs,**

v.

Andreas **BERTSOULAKIS and Fourni Painting Contracting, Inc., Third Party Defendants.**

No. C–81–121–S.

United States District Court, M. D. North Carolina, Salisbury Division.

May 26, 1982.

---

Harold F. Greeson of Edwards, Greeson, Weeks & Turner, and Richard L. Wharton of Clark, Wharton & Maraghy, Greensboro, N. C., for plaintiff.

Joseph E. Elrod, III and Arthur A. Vreeland of Tuggle, Duggins, Meschan, Thornton & Elrod, Joseph W. Moss of Adams, Kleemeier, Hagan, Hannah & Fouts, Greensboro, N. C., for defendants/third party plaintiffs and third party defendants.

## MEMORANDUM OPINION AND ORDER

HIRAM H. WARD, District Judge.

This matter is before the Court on third party defendant Andreas Bertsoulakis' Rule 12 Motion to Dismiss (November 10, 1981). The third party defendant claims primarily that transfer to this Court of this civil action containing the ancillary third party claim was improper under 28 U.S.C. § 1404(a) because this district was not one in which the third party claim might have been brought originally. Because the case appears to be properly before this Court and because the third party defendant has offered no evidence otherwise, the Court will deny the motion.

This case has a simple factual basis—people and property were injured in an automobile wreck that occurred in Maryland in

1976. Unfortunately, the pleadings have spawned a nightmare of procedural problems, beginning with the initial service of process on the principal defendants. Plaintiff is the administratrix of her husband's estate and a citizen of New York. The three defendants are citizens of North Carolina. Superior Motor Express was the owner of a tractor, Earnhardt Lumber Company was the owner of a transfer trailer in tow behind the tractor, and Kenneth Bentley was an employee of Earnhardt and the driver of the tractor and trailer when it collided with a vehicle driven by plaintiff's decedent. Plaintiff's decedent died allegedly as a result of the collision. Approximately eight months later, plaintiff brought this diversity of citizenship action seeking damages for wrongful death based upon defendants' negligence.

Plaintiff filed this action in the United States District Court for the Eastern District of New York, presumably where she resided. Plaintiff obtained personal jurisdiction over the defendants by attaching quasi in rem the defendants' motor vehicle liability insurance policy in New York. The defendants objected to personal jurisdiction based upon the attachment. The District Judge upheld the attachment as did the Second Circuit Court of Appeals. Memorandum and Order (December 8, 1977); Letter (November 6, 1978). Defendants petitioned for a Writ of Certiorari in the Supreme Court. While the petition was pending, the Supreme Court decided *Rush v. Savchuk*, 444 U.S. 320, 100 S.Ct. 571, 62 L.Ed.2d 516 (1980), which invalidated quasi in rem attachment as the basis for personal jurisdiction over a defendant.

Prior to the Supreme Court's *Rush* decision, defendants herein filed a Third Party Complaint on January 9, 1979, seeking indemnity or contribution from Andreas Bertsoulakis and Fourni Painting Contracting Co. The Third Party Complaint alleged that plaintiff's decedent was an employee

of Fourni and while acting in the scope of his employment, was driving a vehicle owned by Bertsoulakis at the time of the fatal collision. The defendants/third party plaintiffs alleged that Fourni and Bertsoulakis negligently maintained the vehicle in an unreasonably dangerous condition at the time of the collision and that this negligence caused or contributed to the wreck. The Third Party Complaint alleged that Fourni was a citizen of New York and that Bertsoulakis was a citizen of New Jersey. Neither Fourni nor Bertsoulakis could be found or served with process.

At the time the Marshal attempted personal service on the third party defendants, he reported that Bertsoulakis resided in Greece. Bertsoulakis' current counsel, who is employed by Bertsoulakis' automobile liability insurance carrier, informed this Court that Bertsoulakis still resides in Greece. No evidence reveals whether Bertsoulakis was a citizen of this country or Greece or whether he was ever amenable to service of process in New York or North Carolina. However, Bertsoulakis, through insurance carrier counsel, voluntarily appeared in this litigation by serving an Answer and Counterclaim upon the defendants/third party plaintiffs, entering a stipulation, and propounding and answering interrogatories,[1] all without objecting to personal jurisdiction or service of process.

Thus, prior to the Supreme Court's *Rush* decision rendered in January 1980, the New York court had ancillary jurisdiction over the Third Party Complaint against Bertsoulakis and personal jurisdiction over him on the basis of his voluntary appearance in the case.[2] After the *Rush* decision, defendants moved the New York court to dismiss plaintiff's claim and to transfer defendants' counterclaim and the entire third party action to this Court. The New York court declined to dismiss the plaintiff's claim but instead transferred the entire case to this Court pursuant to 28 U.S.C. § 1404(a).

1. Answer and Counterclaim attached to Affirmation in Opposition (February 11, 1980); Stipulation (August 9, 1979); Interrogatories (October 22, 1979); Answers to Interrogatories (January 30, 1980).

2. Since then, the defendants/third party plaintiffs have dismissed their claim against Fourni Painting Contracting, Inc.

The New York court reasoned that dismissal of plaintiff's claim would be unjust because the statute of limitations would bar the claim. *See Jiffy Lubricator Co. v. Stewart-Warner Corp.*, 177 F.2d 360, 362 (4th Cir. 1949), *cert. denied*, 338 U.S. 947, 70 S.Ct. 484, 94 L.Ed. 584 (1950) (power to transfer is broadly construed). That court concluded that since "defendants" were residents of North Carolina, transfer here would serve the interests of justice. Order (March 11, 1981). The court did not discuss the propriety of transferring the third party action.

In this Court Bertsoulakis, again represented by insurance carrier counsel, moved to dismiss the Third Party Complaint for lack of personal jurisdiction and improper transfer of venue. Bertsoulakis filed a brief in support of the motion but has offered no evidence of any sort to support his claims that this Court lacks personal jurisdiction over him or that the transfer to this Court was improper. Because of the considerable legal and factual issues raised by the Rule 12 Motion, the Court conducted a hearing on March 15, 1982. Only counsel for Bertsoulakis and counsel for the defendants/third party plaintiffs attended. Bertsoulakis' counsel frankly explained that he had never met or spoken with his client and that he believed that Bertsoulakis was not currently present in this country. Counsel stated that he had no evidence or information that Bertsoulakis would be inconvenienced by a trial in this district any more than by a trial in New York.

The New York court acquired personal jurisdiction over Bertsoulakis because of his voluntary appearance in the case and his failure to object to service of process and personal jurisdiction. Ancillary jurisdiction and/or diversity of citizenship provided subject matter jurisdiction. Venue for the third party action was properly placed with the primary action between plaintiff and defendants. 6 C. Wright and A. Miller, *Federal Practice & Procedure* § 1445 (1971) (hereafter Wright & Miller).

The New York court transferred the entire case to this Court pursuant to the provisions of 28 U.S.C. § 1404(a), entitled "Transfer of Venue" which provides: "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." The New York court ordered transfer of the case over the objection of the third party defendant "in keeping with good sense and basic equity." Order (March 11, 1981). Jurisdiction and venue are vastly different concepts, both essential to maintenance of a civil action but not to be confused. 15 Wright & Miller § 3927 at 171–172; *see, e.g., Corke v. Sameiet M. S. Song of Norway*, 572 F.2d 77 (2d Cir. 1978). Third party defendant, who again questions the propriety of the transfer, bears the burden of demonstrating that the transfer was improper by a "timely and *sufficient* objection." 28 U.S.C. § 1406(b); 15 Wright & Miller §§ 3826 at 166 & 167, 3829.

The phrase "where it might have been brought" in section 1404(a) refers to a forum where venue originally would have been proper for the claim and where a defendant originally would have been subject to personal jurisdiction. *Hoffman v. Blaski*, 363 U.S. 335, 80 S.Ct. 1084, 4 L.Ed.2d 1254 (1960); *Lamont v. Haig*, 590 F.2d 1124 (D.C.Cir.1978); *White v. Diamond*, 390 F.Supp. 867 (D.Md.1974); 15 Wright & Miller § 3845; *but see Continental Grain Co. v. Barge FLB–585*, 364 U.S. 19, 80 S.Ct. 1470, 4 L.Ed.2d 1540 (1960) (civil action transferable even though admiralty claim could not have been brought originally in transferee court; decided 14 days after *Hoffman*).

The Supreme Court in *Hoffman* held that improper transfer under section 1404(a) is a matter of subject matter jurisdiction and not of venue. *American Oil Co. v. McMullin*, 433 F.2d 1091, 1095 (10th Cir. 1970). The Supreme Court stated:

It is not to be doubted that the transferee courts, like every other District Court, had jurisdiction to entertain actions of the character involved, but it [is] obvious that they did not acquire jurisdiction over these particular actions when

they were brought in the transferor courts. The transferee courts could have acquired jurisdiction over these actions only if properly brought in those courts, or if validly transferred thereto under § 1404(a). Of course, venue, like jurisdiction over the person, may be waived.... But the power of a District Court under § 1404(a) to transfer an action to another district is made to depend not upon the wish or waiver of the defendant but, rather, upon whether the transferee district was one in which the action "might have been brought" by the plaintiff.

363 U.S. 335, 343, 80 S.Ct. 1084, 1089, 4 L.Ed.2d 1254, 1261–1262.

▮ Thus, while a proper transfer under section 1404(a) merely shifts venue to the transferee court, an improper transfer renders the transferee court without subject matter jurisdiction over the claim. Personal jurisdiction once obtained is not lost. The transferee court in an improper transfer merely has no claim before it to resolve.

▮ The propriety of the transfer in this case is obscured by the fact that the objecting party is a third party defendant. The authorities relied upon by the litigants primarily concern transfer of civil actions involving multiple defendants, wherein transfer was proper as to some defendants but not as to others. However, the third party action from which the transfer objection has arisen in this case is ancillary to the principal action between plaintiff and defendants. Nonetheless, while improper venue might not be a valid defense to a third party claim, lack of subject matter jurisdiction might be. *See Keiffer v. Southern Pacific Transportation Co.,* 486 F.Supp. 798 (E.D.Tex.1980); 6 Wright & Miller §§ 1444 & 1445.

▮ Ample basis for the New York court's subject matter jurisdiction over the third party claim was provided by the doctrine of ancillary jurisdiction. 6 Wright & Miller § 1444. Jurisdiction over the ancillary claim rested upon the diversity of citizenship existing between the plaintiff and defendants. This Court obtained subject matter jurisdiction over the principal claim

by the valid transfer of that claim. The invalidity of the quasi in rem basis for personal jurisdiction over the principal defendants did not affect the New York court's power to transfer the case here. *Goldlawr v. Heiman,* 369 U.S. 463, 82 S.Ct. 913, 8 L.Ed.2d 39 (1962). Subject matter jurisdiction over the ancillary third party claim also passed to this Court because it derived from or was ancillary to the subject matter jurisdiction this Court obtained over the principal claim. Under these facts, the focus for transfer analysis or the "civil action" for which transfer must have been proper within the scope of section 1404(a) is the principal claim between the plaintiff and defendants. *See McAdoo v. Union National Bank,* 558 F.2d 1313, 1317 (8th Cir. 1977). The transfer of the ancillary third party claim was proper because transfer of the principal claim was proper.

Of course, the Court will always protect a third party defendant from being transferred to an "inconvenient or oppressive forum." 6 Wright & Miller § 1445 at 242. In this case, the third party defendant has presented no evidence whatsoever that this forum would be inconvenient. In fact, counsel agreed at the hearing that North Carolina would be just as convenient as any other potential forum.

▮ Third party defendant has also failed to offer any evidence that the transfer of the principal claim was improper or that transfer of the third party claim considered alone was improper. Viewing venue as between the defendants/third party plaintiffs and the third party defendant, venue originally would have been proper here since defendants/third party plaintiffs are all residents of North Carolina. 28 U.S.C. § 1391(a). Counsel simply asserted in a brief that Bertsoulakis lacked the minimum contacts with North Carolina which would have enabled defendants/third party plaintiffs to bring the action against him here originally. Brief at 5 (December 3, 1981). That single statement by counsel repeated at the hearing, unsupported by any evidence is not a "sufficient objection"

within the meaning of 28 U.S.C. § 1406(b). Thus, ignoring the ancillary basis of this Court's jurisdiction over the third party claim, transfer of that claim was proper as the record presently stands.

It is obvious to this Court that the principal action and the ancillary third party action ought to be litigated together. *See* 15 Wright & Miller § 3845 at 225–226. The Third Party Complaint seeks indemnity or contribution from the third party defendant on the theory that if defendant was a tortfeasor, then the third party defendant was a joint tortfeasor. The Third Party Complaint does not seek merely indemnity which conveniently could be tried separately from the principal action. The plaintiff's claim, the defendants' third party claim and the third party defendant's counterclaim seek to assign responsibility for the same motor vehicle collision and will involve proof of many of the same facts. The third party defendant himself objected earlier to severance of the third party claim from the principal claim in part on the rationale that—as goes the plaintiff's claim, so goes the third party claim. Affirmation in Opposition (February 11, 1980).

Trial of this entire action in one forum would be more convenient for the defendants/third party plaintiffs, enable the third party defendant fully to protect his interests, and better conserve the resources of the two courts involved. While the Court could transfer this action to the District of Maryland where the automobile wreck occurred, thereby satisfying subject matter jurisdiction, personal jurisdiction and venue, that forum appears less convenient than this one. Procedural snarls have dominated these proceedings and delayed decision on the merits long enough. This Court has subject matter and personal jurisdiction and is a proper venue for trial of the entire action. In any event, the third party defendant has produced no evidence to persuade the Court otherwise.

IT IS, THEREFORE, ORDERED that the third party defendant's Motion to Dismiss be, and the same hereby is, DENIED.