William DOEBLER, M.D., et al., Plaintiffs,

v.

STADIUM PRODUCTIONS LIMITED, an Illinois corporation, Defendant.

Douglas VAN BOVEN, Defendant and Third-Party Plaintiff,

v.

Ronald BEYER and James Kirk, Third-Party Defendants.

No. G80–860 CA6.

United States District Court, W. D. Michigan, S. D.

Aug. 17, 1981.

Robert J. Dugan and Bruce W. Neckers, Grand Rapids, Mich., for plaintiffs.

Ronald Beyer, pro se.

William W. Coupe, Saugatuck, Mich., for Van Boven and Stadium.

Willis L. Ash, Jr., Grand Rapids, Mich., for Kirk.

## OPINION

### BENJAMIN F. GIBSON, District Judge.

This is an action pursuant to various state and federal laws alleging unlawful acts in connection with the sale of securities of defendant Stadium Productions Limited (Stadium). Stadium was formed as an Illinois corporation in November of 1978 by James Kirk, an attorney practicing law in that state. Defendant Douglas Van Boven, a shareholder as well as the president and chief executive officer of Stadium, has filed a third-party complaint against Kirk and another person not relevant here. Van Boven alleges that Kirk breached a duty to advise him about the stock issued by Stadium. Presently before this Court is a motion by Kirk to dismiss him from the action for lack of personal jurisdiction.

In support of his motion, Kirk has filed an affidavit stating that he is not licensed to practice law in any state other than Illinois; that he owns no property located in Michigan, conducts no business there, and has no contracts with Michigan residents; that the work done for Van Boven was done at the request of another of Kirk's clients and was not solicited; that such work was restricted to filing articles of incorporation, execution of land leases for Illinois property belonging to Kirk's other client, preparation of contracts and leases of the Illinois property, correspondence with the Illinois Department of Labor, and forwarding of notices from the Illinois Secretary of State's office to Van Boven; that Kirk never agreed to and never did represent Van Boven or Stadium with respect to the preparation of by-laws, minutes or the issuance of stock; that he specifically advised Van Boven of the Illinois statutes and regulations regarding the issuance of stock and that the scope of his practice did not include the issuance of such stock; and finally, that Kirk's contacts with Van Boven were limited to personal meetings in Illinois, several letters regarding franchise fees and annual corporate officer reports, and telephone conversations initiated by Van Boven relating to his overdraft of a checking account in an Illinois bank.

Van Boven directly disputes only two of these allegations in his opposing affidavit. He alleges that telephone calls were initiated by both him and Kirk, and that "only after institution of the principal action in this case did James F. Kirk ever acknowledge to deponent that there was or could be an unfortunate legal consequence of deponent's selling of Stadium Production Limited's stock." In addition, Van Boven claims that Kirk was his attorney until he became a third-party defendant in this action. Van Boven's attorney states in his brief that Kirk initially prepared the stock certificates issued to Van Boven and that Kirk advised Van Boven with respect to the preparation of subsequent stock certificates with knowledge that they would be sold to Michigan residents.

■ The burden of establishing jurisdiction is on the plaintiff, or here, the third-party plaintiff. When the issue is determined solely on the basis of written materials, he need only present a prima facie case, and the pleadings and affidavits must be considered in the light most favorable to the party asserting the existence of jurisdiction. *Welsh v. Gibbs*, 631 F.2d 436 (6th Cir. 1980), *cert. denied* 450 U.S. 981, 101 S.Ct. 1517, 67 L.Ed.2d 816 (1981).

■ Plaintiffs have filed a brief in opposition to the motion to dismiss. They argue that Fed.R.Civ.P. 14 allows third-party claims to be heard under the doctrine of ancillary jurisdiction, and that Kirk's argument for dismissal is therefore in error.

This is clearly not the law. "The cases unanimously hold that a federal court must obtain personal jurisdiction over a third-party defendant before it proceeds to adjudicate a third-party claim." 6 Wright & Miller, Federal Practice and Procedure: Civil § 1445 (1971). *In James Talcott, Inc. v. Allahabad Bank, Ltd.*, 444 F.2d 451, 464–65, n.11 (5th Cir. 1971), *e. g.*, a similar misunderstanding prompted the court to explain that even though ancillary jurisdiction may confer subject matter jurisdiction on a federal court, personal jurisdiction over the third-party defendant is still necessary. *Accord*, cases cited in 6 Wright & Miller, *supra.*

Thus, Van Boven must present a prima facie case of personal jurisdiction over Kirk. The parties do not dispute the fact that this Court lacks general personal jurisdiction over Kirk. Pursuant to Fed.R.Civ.P. 4(e), Van Boven relies on the Michigan long arm statute, M.C.L.A. § 600.705, to establish limited personal jurisdiction in this case.[1] He points particularly to subsection five, providing jurisdiction over an individual who enters into a contract for services to be rendered or for materials to be furnished in the state.

This Court has previously noted that the due process clause of the Fourteenth Amendment requires that the defendant have such minimum contacts with the forum state that maintenance of an action would not offend traditional notions of fair play and substantial justice. *Speckine v. Stanwick International, Inc.*, 503 F.Supp. 1055 (W.D.Mich.1980). *Accord, Chrysler Corp. v. Fedders Corp.*, 643 F.2d 1229, 1236 (6th Cir. 1981).

The Sixth Circuit has applied a three-part test for determining whether a given set of circumstances provides sufficient contact between a nonresident defendant and the forum state to support personal jurisdiction:

First, the defendant must purposefully avail himself of the privilege of acting in the forum state or causing a consequence in the forum state. Second, the cause of action must arise from the defendant's activities there. Finally, the acts of the defendant or consequences caused by the defendant must have a substantial enough connection with the forum state to make the exercise of jurisdiction over the defendant reasonable.

*Southern Machine Co. v. Mohasco Industries, Inc.*, 401 F.2d 374, 381 (6th Cir. 1968) (footnote omitted). *Accord, Welsh; Davis H. Elliot Co., Inc. v. Caribbean Utilities Co.*, 513 F.2d 1176 (6th Cir. 1975). As was noted in *Speckine*, such criteria are consistent with recent Supreme Court decisions. 503 F.Supp. at 1057–58. This Court finds that none of the three criteria are not in this case.

A purposeful availment requires involvement with the state through actions freely and intentionally done—something more than a situation where all contacts result entirely from a decision made by the

1. The Michigan statute providing for limited personal jurisdiction over individuals, M.C.L.A. § 600.705, is as follows:

Sec. 705. The existence of any of the following relationships between an individual or his agent and the state shall constitute a sufficient basis of jurisdiction to enable a court of record of this state to exercise limited personal jurisdiction over the individual and to enable the court to render personal judgments against the individual or his representative arising out of an act which creates any of the following relationships:

(1) The transaction of any business within the state.

(2) The doing or causing an act to be done, or consequences to occur, in the state resulting in an action for tort.

(3) The ownership, use, or possession of real or tangible personal property situated within the state.

(4) Contracting to insure a person, property, or risk located within this state at the time of contracting.

(5) Entering into a contract for services to be rendered or for materials to be furnished in the state by the defendant.

(6) Acting as a director, manager, trustee, or other officer of a corporation incorporated under the laws of, or having its principal place of business within this state.

(7) Maintaining a domicile in this state while subject to a marital or family relationship which is the basis of the claim for divorce, alimony, separate maintenance, property settlement, child support, or child custody.

plaintiff. *Davis H. Elliot Co.*, 513 F.2d at 1182. Even considering the facts in the light most favorable to Van Boven, it is apparent that Kirk's actions do not satisfy this requirement. Kirk's services were performed outside Michigan on behalf of an Illinois corporation based on personal contacts occurring only in Illinois and initiated at the request of an Illinois property-owner. At most Kirk mailed several letters and placed a few phone calls to Michigan to follow through on an obligation undertaken in Illinois to perform services in Illinois. The fact that Kirk might not have discussed possible "unfortunate legal consequences" of selling Stadium stock, or that he might have known stock would be sold to Michigan residents, may be useful in establishing elements of a cause of action against him, but they do not establish a purposeful availment of the privilege of conducting business activities in Michigan.

This case is comparable to *Khalaf v. Bankers & Shippers Ins. Co.*, 404 Mich. 134, 273 N.W.2d 811 (1978), in which long-arm jurisdiction was held lacking when an Illinois insurance agent who had insured an Illinois corporation which had repaired equipment for Michigan citizens who were subsequently injured knew that the insured might engage in activities outside the state. The court reasoned that:

> If causing foreseeable effects alone constituted purposeful availment, a Chicago grocery store supplying consumables, a haberdashery or boutique providing clothing, or a marina purveying boat supplies, to a person known to have a Michigan cottage, or a physician performing cosmetic surgery on him, could be subject to Michigan long-arm jurisdiction. In each instance the Chicago provider knows that the product or service is for use in Michigan, and that negligent performance will cause effects in Michigan. The enterprise is commercial, affecting the stream of commerce. But the nature of the provider's business is nevertheless so clearly localized that proof of transactions with Michigan residents should not alone subject the provider to long-arm jurisdiction. The generating cause is not the provider's desire to enlarge his business into Michigan but, rather, the Michigan customer's desire to do business with the Chicago provider.

404 Mich. at 156, 273 N.W.2d at 820–21. In this case, Kirk's practice of law is localized in that it is limited to Illinois, and the generating cause was Van Boven's desire to do business in Illinois.

Several cases cited by Van Boven are easily distinguished on the basis of purposeful availment. In *Kiefer v. May*, 46 Mich. App. 566, 208 N.W.2d 539 (Mich.Ct.App. 1973), the defendant actively sought business opportunities in other states by placing an advertisement in a nationally distributed magazine. In *McGraw v. Matthaei*, 340 F.Supp. 162 (E.D.Mich.1972), jurisdiction was upheld where both plaintiff and defendant were members of a Michigan limited partnership, plaintiff's offer to sell his interest had been made in Michigan after numerous partnership meetings in the state, and the papers were drawn by a Michigan law firm. No such purposeful availment has been shown in this case.

■ After purposeful availment, the second element of the Sixth Circuit's test is that the cause of action must arise from the defendant's activities in the forum state. This requirement is clearly not satisfied in this case. The cause of action is an alleged breach of a duty to advise with respect to the issuance of stock. Any such duty must have arisen from an undertaking in Illinois, not from brief letters discussing only franchise fees and leases or from telephone calls discussing a checking account.

■ The third criterion is that the defendant's activities must have a substantial enough connection with the forum state to make the exercise of jurisdiction over the defendant reasonable. Kirk's letters and alleged phone calls were not a very substantial connection with Michigan. Van Boven suggests that this case involves a contract for services covered by M.C.L.A. § 600.-705(5). Where a contract is not to be performed in the forum state and was not negotiated or executed there, letters and telephone calls to the state do not supply the necessary minimal contacts to justify the exercise of personal jurisdiction. *Aaron*

*Ferer & Sons Co. v. Atlas Scrap Iron*, 558 F.2d 450 (8th Cir. 1977), and cases cited therein at 455. This Court has previously decided in *Speckine* that telephone conversations and a mailing did not demonstrate the substantial connection with the forum state necessary to satisfy the due process requirements for long-arm jurisdiction. Kirk's contacts with Michigan were no more significant and cannot be found to demonstrate a substantial connection with the state.

Accordingly, this Court finds that it is incapable of exercising personal jurisdiction over third-party defendant Kirk and grants the motion to dismiss Kirk from this case.

IT IS SO ORDERED.