**HERMAN MILLER, INC., Plaintiff,**

v.

**MR. RENTS, INC., Defendant.**

**No. G82–208 CA.**

United States District Court,
W. D. Michigan, S. D.

Aug. 27, 1982.

Richard A. Gaffin, John E. McGarry, Grand Rapids, Mich., for plaintiff.

Gordon J. Quist, Grand Rapids, Mich., for defendant; James L. Marovitz, Chicago, Ill., of counsel.

## OPINION

BENJAMIN F. GIBSON, District Judge.

This action was brought pursuant to the federal trademark laws, particularly 15 U.S.C. § 1125(a) and various Michigan statutes. The gravamen of plaintiff's complaint is that defendant, in advertising and selling a style of chair as an "Eames-style" chair, has infringed upon plaintiff's use of the "Eames" trademark,[1] and that such advertising and selling constitutes unfair competition and false advertising. Now before the Court is defendants motion to dismiss for lack of personal jurisdiction.

▮ The burden of proving jurisdiction is on the plaintiff. When the issue is to be determined solely on the basis of written materials, the plaintiff need only present a *prima facie* case. In addition, the pleadings, affidavits and depositions are to be considered in the light most favorable to the plaintiff. *Welsh v. Gibbs*, 631 F.2d 436 (6th Cir. 1980), *cert. denied*, 450 U.S. 981, 101 S.Ct. 1517, 67 L.Ed.2d 816 (1981); *Doebler v. Stadium Prod., Ltd*, 91 F.R.D. 211 (1981).

The record indicates that defendant is an Illinois corporation with its sole place of business in Chicago. Pursuant to Rule 4(e), Fed.R.Civ.P., personal jurisdiction is asserted over the defendant under Michigan's long-arm statute, M.C.L.A. § 600.715.[2] Plaintiff contends that the defendant is doing business in Michigan by virtue of one sale of an "Eames-style" chair to Michigan residents.[3] Plaintiff contends that the defendant caused the consequences resulting in an action for tort to occur in Michigan by virtue of advertisements[4] placed in the Chi-

---

1. Plaintiff manufactures and sells furniture under the Eames name pursuant to a license granted by Charles and Ray Eames in 1948.

2. In relevant part, the statute reads:
   600.715 CORPORATIONS: Limited Personal Jurisdiction
   Sec. 715. The existence of any of the following relationships between a corporation or its agent and the state shall constitute a sufficient basis of jurisdiction to enable the courts of record of this state to exercise limited personal jurisdiction over such corporation and to enable such courts to render personal judgments against such corporation arising out of the act or acts which create any of the following relationships:

   (1) The transaction of any business within the state.
   (2) The doing or causing any act to be done, or consequences to occur, in the state resulting in an action for tort.

3. The sale was made in Chicago, and the purchasers paid by means of a credit card. The chair was delivered to Michigan by common-carrier, freight collect.

4. The purchase referred to above was made as a result of an advertisement in the April, 1982 issue of *Chicago* Magazine. The purchaser's affidavit states that that advertisement did not refer to the chair as an "Eames-style" chair but as a "classic leather chair."

cago Sun-Times, the Chicago Tribune, and *Chicago* Magazine.[5]

■ In determining whether personal jurisdiction is properly asserted in the instant case, it is incumbent upon this Court to examine the contacts between the defendant and the forum and decide whether "the traditional notions of fair play and substantial justice" would be offended if defendant is required to defend in Michigan. *World-Wide Volkswagon Corp. v. Woodson*, 444 U.S. 286, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980); *International Shoe Co. v. Washington*, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945). For the reasons discussed below, it appears that there are not sufficient minimum contacts and that this action must be dismissed.

The Supreme Court recently has discussed the interplay between the Due Process Clause of the Fourteenth Amendment and the exercise of *in personam* jurisdiction over non-resident defendants. *Rush v. Savchuk*, 444 U.S. 320, 100 S.Ct. 571, 62 L.Ed.2d 516 (1980); *World-Wide Volkswagon Corp. v. Woodson*, 444 U.S. 286, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980). In these cases, the Court reaffirmed the minimum contacts test first set out in *International Shoe*.

■ The outer limits of personal jurisdiction consistent with due process can be found by applying three criteria set out by the Sixth Circuit in *Southern Machine Co. v. Mohasco Industries, Inc.*, 401 F.2d 374 (6th Cir. 1968). These criteria, all of which must be met, are:

> First, the defendant must purposefully avail himself of the privilege of acting in the forum state or causing a consequence in the forum state. Second, the cause of action must arise from the defendant's activities there. Finally, the acts of the defendant or consequences caused by the

defendant must have a substantial enough connection with the forum state to make the exercise of jurisdiction over the defendant reasonable.

401 F.2d at 381 (footnote omitted). As noted by this Court in *Speckine v. Stanwick Intern., Inc.*, 503 F.Supp. 1055, 1057–58, these criteria are consistent with the Supreme Court's decisions in *Rush* and *World-Wide Volkswagon*.

■ That the application of these criteria is appropriate in analyzing these subsections of Michigan's long-arm statute is clear. The Michigan Supreme Court has construed subsection 1 of the long-arm statute—permitting the exercise of jurisdiction if the defendant conducts any business within the state—as bestowing the broadest grant of personal jurisdiction consistent with due process. *Sifers v. Horen*, 385 Mich. 195, 188 N.W.2d 623 (1971). In such a case, the long-arm statute and the minimum contacts tests set out in *International Shoe* and its progeny merge. The only question becomes that of due process. *Davis H. Elliot, Co., Inc. v. Caribbean Utilities Co., Ltd*, 513 F.2d 1176 (6th Cir. 1975); *Speckine v. Stanwick Intern., Inc.*, 503 F.Supp. 1055 (W.D.Mich.1980). Subsection 2 of the long-arm statute was considered in *Khalaf v. Bankers & Shippers Ins. Co.*, 404 Mich. 134, 273 N.W.2d 811 (1978). There, the Michigan Supreme Court stated that the essential factor in due process analysis of section 2 is whether the defendant has purposefully availed himself of the privilege of conducting activities in the state. 404 Mich. at 148, 273 N.W.2d 811.

■ When personal jurisdiction is asserted under both subsections 1 and 2, therefore, the second prong of the *Southern Machine* test is met by definition. This Court

---

**5.** The affidavit of Howard W. Kutz of the Audit Bureau of Circulations established the following facts for purposes of the instant motion:

a) During the years 1978–81, the average Michigan paid circulation of the Sun-Times was 840 or .13% of the total daily circulation, and 2,225 or .31% of the total Sunday circulation.

b) In the four year period ending March 27, 1981, the average estimated Michigan paid circulation was 8,684 or 1.1% of the total daily circulation, and 15,778 or 1.36% of the total Sunday circulation.

c) During the years 1978–81, *Chicago* Magazine had an average Michigan circulation of 1,643 or .87% of the total monthly circulation.

need only determine whether the defendant in the instant case has purposefully availed itself of the privilege of conducting business within the state and whether it would be reasonable for the action to be brought in this forum.

In *World-Wide Volkswagon*, the Supreme Court discussed the interrelation of purposeful availment and the reasonableness of defense in a particular forum stating:

> When a corporation "purposefully avails itself of the privilege of conducting activities within the forum State," *Hanson v. Denckla*, 357 U.S. at 253, 78 S.Ct. at 1240, it has clear notice that it is subject to suit there, and can act to alleviate the risk of burdensome litigation by procuring insurance, passing the expected costs on to customers, or if the risks are too great, severing its connection with the State. Hence if the sale of a product of a manufacturer or distributor ... is not simply an isolated occurrence, but arises from the efforts of the manufacturer or distributor to serve directly or indirectly, the market for its product in other States, it is not unreasonable to subject it to suit in one of those States if its ... merchandise has there been the source of injury to its owner or to others. The forum State does not exceed its powers under the Due Process Clause if it asserts personal jurisdiction over a corporation that delivers its products into the stream of commerce with the expectation that they will be purchased by consumers in the forum State. *Cf. Gray v. American Radiator & Standard Sanitary Corp.*, 22 Ill.2d 432, 176 N.E.2d 761 (1961).

444 U.S. at 297–98, 100 S.Ct. at 567–68. In the instant case, it is clear that there is no purposeful availment.

■ As stated above, the single sale upon which plaintiff bases its argument was consummated in Chicago. The defendant generally does no business in Michigan and, in that one sale, did not even deliver the chair to Michigan—it was merely placed in the hands of a common-carrier, with the shipping charges to be paid by the purchaser. Even the advertising done by defendant is not sufficient to constitute purposeful availment.

■ It would not be reasonable to require defendant to defend in Michigan based on this limited Michigan circulation of Chicago—area publications—even if it is assumed that the offending advertisement appeared in each publication on a regular basis. Defendant's President stated by affidavit and in deposition that the defendant's advertising was intended to reach a "Chicagoland audience." The incidental circulation is far too tenuous a connection with Michigan to be the basis of personal jurisdiction.

■ Plaintiff argues that, in any event, even if it was not intended that these advertisements reach a Michigan audience, it was foreseeable that they would. However, if foreseeability alone was ever sufficient to establish minimum contacts within the due process guidelines, a showing of more is now needed in light of *World-Wide Volkswagon*. See 444 U.S. at 295–97, 100 S.Ct. at 566–67. In a decision which antedates *World-Wide Volkswagon*, the Michigan Supreme Court reached the same conclusion in construing the Michigan long-arm statute.

In *Khalaf*, the Court stated:

> If causing foreseeable effects alone constituted purposeful availment, a Chicago grocery store supplying consumables, a haberdashery or boutique providing clothing, or a marina purveying boat supplies, to a person known to have a Michigan cottage, or a physician performing cosmetic surgery on him, could be subject to Michigan long-arm jurisdiction. In each instance the Chicago provider knows that the product or service is for use in Michigan, and that negligent performance will cause effects in Michigan. The enterprise is commercial, affecting the stream of commerce. But the nature of the provider's business is nevertheless so clearly localized that proof of transactions with Michigan residents should not alone subject the provider to long-arm jurisdiction. The generating cause is not the provider's desire to enlarge his busi-

ness into Michigan but, rather, the Michigan customer's desire to do business with the Chicago provider.

A localized business—sandwich shop, grocer, haberdashery, boutique, marina, physician, or insurance agent—does not depend on multi-state distribution to generate volume. Out-of-state effects are but an incident of the business.

404 Mich. at 156–57, 273 N.W.2d 811. *See Doebler*, 91 F.R.D. at 215. Although *Khalaf* dealt with the application of M.C.L.A. § 600.705, providing for long-arm jurisdiction over individuals rather than corporations, the analysis is equally appropriate when the defendant is a corporation.

In light of the above, this Court finds that, even assuming that the second-prong of the *Southern Machine* test is met, the facts of the instant case do not present a *prima facie* case of purposeful availment and it would be unreasonable to require the defendant to defend in Michigan. Personal jurisdiction over the defendant cannot properly be exercised and defendant's motion to dismiss is granted.