Barbara Ann BENNETT, et
al., Plaintiffs,

v.

J.C. PENNEY, et al., Defendants.

No. K83–388 CA.

United States District Court,
W.D. Michigan, S.D.

March 6, 1985.

Ronald R. Gilbert, Detroit, Mich., for plaintiffs.

Anthony A. Derezinski, Cholette, Perkins & Buchanan, Grand Rapids, Mich., for National Spa & Pool Institute.

George W. Steel, Harvey, Kruse, Western & Milan, Detroit, Mich., for J.C. Penney & Coleco.

## OPINION

BENJAMIN F. GIBSON, District Judge.

Plaintiffs in this suit seek to recover for deaths and injuries which occurred in outdoor, above-ground swimming pools. Plaintiffs have advanced claims under state tort law and under the federal Consumer Products Safety Act, 15 U.S.C. § 2051 *et seq.*

The National Spa and Pool Institute (NSPI) has filed a motion to quash service of process and to dismiss, alleging a lack of personal jurisdiction. Having considered the arguments of the parties and the pleadings and affidavits that have been filed, the Court denies NSPI's motion.

As this Court has previously noted,
The burden of proving jurisdiction is on the plaintiff. When the issue is to be

determined solely on the basis of written materials, the plaintiff need only present a *prima facie* case. In addition, the pleadings, affidavits, and depositions are to be considered in the light most favorable to the plaintiff. *Welsh v. Gibbs*, 631 F.2d 436 (6th Cir.1980), *cert. denied*, 450 U.S. 981, 101 S.Ct. 1517, 67 L.Ed.2d 816 (1981); *Doebler v. Stadium Prod., Ltd.*, 91 F.R.D. 211 (1981). *Herman Miller, Inc. v. Mr. Rents, Inc.*, 545 F.Supp. 1241, 1243 (W.D.Mich.1982).

Under Federal Rule of Civil Procedure 4(e), the Court must initially look to state law to determine whether the defendant was properly served. Michigan's long-arm statute provides, in part, that

> [t]he existence of any of the following relationships between a corporation or its agent and the state shall constitute a sufficient basis of jurisdiction to enable the courts of record of this state to exercise limited personal jurisdiction over such corporation ... arising out of the act or acts which create any of the following relationships:
>
> (1) the transaction of any business within the state.

Mich.Comp.Laws Ann. § 600.715.[1] Section one of the Michigan long-arm statute has been construed by the Michigan courts as bestowing the broadest grant of personal jurisdiction consistent with the due process clause of the United States Constitution. *See Herman Miller, Inc., supra*, at 1244. Thus, the relevant inquiry in this case is whether exercise of jurisdiction over NSPI would violate the due process clause.

The Supreme Court has held that the due process clause is not offended when the contacts between the defendant and the forum are such that "traditional notions of fair play and substantial justice" are not offended by requiring the defendant to defend in the forum selected by plaintiff. *World-Wide Volkswagon Corp. v. Woodson*, 444 U.S. 286, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980); *International Shoe Co. v. Washington*, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945). In determining whether personal jurisdiction is properly asserted, the courts are directed to focus their attention on the relationship between the defendant, the forum, and the litigation. *Shaffer v. Heitner*, 433 U.S. 186, 204, 97 S.Ct. 2569, 2579, 53 L.Ed.2d 683 (1977); *see also Keeton v. Hustler Magazine*, —— U.S. ——, 104 S.Ct. 1473, 1478, 79 L.Ed.2d 790 (1984).

In *Southern Machine Co. v. Mohasco Industries, Inc.*, 401 F.2d 374, 381 (6th Cir.1968), the Sixth Circuit held that each of the following three criteria must be established in order to find personal jurisdiction:

> First, the defendant must purposefully avail himself of the privilege of acting in the forum state or causing a consequence in the forum state. Second, the cause of action must arise from the defendant's activities there. Finally, the acts of the defendant or consequences caused by the defendant must have a substantial enough connection with the forum state to make the exercise of personal jurisdiction over the defendant reasonable.

As discussed below, the Court finds that each of these criteria are met in this case.

Defendant NSPI argues that it cannot be said to have purposefully availed itself of the privilege of acting within Michigan. By affidavit, NSPI's Vice-President of Administration informs the Court that NSPI is incorporated in Illinois, has a principal office in Alexandria, Virginia, and a subsidiary office in Orange, California. It has no office or mailing address in Michigan; nor is it licensed or authorized to do business within the state. It has no employees, bank accounts, or personal or real property within the state.

The Court notes that NSPI is organized as a nonprofit business league as described

---

**1.** Plaintiff also alleges that jurisdiction is proper under section two of the Michigan long-arm statute which provides for jurisdiction based on "[t]he doing or causing any act to be done, or consequences to occur, in the state resulting in an action for tort." Because section one is a sufficient basis for jurisdiction, the Court need not determine whether any of the plaintiffs' claims fall under section two as well.

under Internal Revenue Code Section 501(c)(6). By the terms of the Code, NSPI is prohibited from deriving any economic benefit from placing products in the stream of commerce and is required to expend all of its resources to the benefit of the spa and pool industry.

Because NSPI is not organized for profit, the Court cannot determine whether NSPI "purposefully availed" itself of the privilege of acting within Michigan by looking at factors upon which courts have typically relied, such as percentage of total profits coming out of the forum state or number of employees within the state. Instead, the Court must consider the service that NSPI attempted to provide nationwide and determine the extent to which its actions created a presence in Michigan. *Speckine v. Stanwick International, Inc.*, 503 F.Supp. 1055, 1058 (W.D.Mich.1980) (if actions within state are not income generating, courts should look for involvement with forum state through actions freely and intentionally done by defendant); *see Mad Hatter, Inc. v. Mad Hatters Night Club Co.*, 399 F.Supp. 889, 891 (E.D.Mich.1975) (defendant's "purposeful" action need not be an income generating one).

In several of its brochures, NSPI describes itself as "a national trade association dedicated to high standards and a strict code of ethics" and advises consumers that "purchasing from an NSPI member provides you with access to consumer satisfaction procedures sponsored by the industry for the benefit of our customers." NSPI, *Pool Maintenance* (February 1984); NSPI, *Pool Days* (Oct. 1983). Plaintiff alleges that NSPI distributes literature and various brochures throughout the State of Michigan and requires that pools built, retailed and sold by NSPI members meet certain safety standards.

NSPI has over fifty members in the State of Michigan and collects dues from those members. Members are primarily distributors of swimming pools, hot tubs, saunas and other related equipment. An undated membership application submitted by plaintiffs indicates that the dues are assessed on the basis of income of the member, starting at a minimum assessment of approximately $800. Thus, the Court can surmise that NSPI annually receives in excess of $40,000 from its fifty some Michigan members. A member is entitled to display the NSPI logo and presumedly benefits from the NSPI brochures which encourage consumers to purchase from NSPI members.

Plaintiffs allege that NSPI holds meetings and conducts business on a regular basis in the State of Michigan. By affidavit, NSPI explains that the meetings described in the complaint are actually held by the Michigan Swimming Pool Corporation (MSPC), a local chapter of NSPI which is incorporated separately from its parent organization. MSPC is a nonprofit organization and has no paid employees. Because MSPC is separately incorporated, NSPI argues that the Court should not consider MSPC's contacts with the state in determining whether the Court has jurisdiction over NSPI itself.

■ The Court is not convinced by NSPI's argument. From affidavits submitted by plaintiffs counsel, it appears that MSPC refers to itself as the local chapter *of NSPI* in its news releases. Further, the Court notes that a swimming pool distributor who joins MSPC simultaneously joins NSPI. In fact, the application directs the applicant to send both the application and the check covering dues to NSPI. NSPI then forwards the application to MSPC for acceptance or rejection. Based on this close relationship, the Court concludes that the contacts of MSPC are properly considered in determining whether the "minimum contacts" necessary for personal jurisdiction over NSPI exist. *Cf.* Wright & Miller, *Federal Practice and Procedure* § 1069, at 256 (1969) (if a subsidiary is merely an agent through which the parent conducts business in the jurisdiction then the subsidiary's business will be viewed as that of the parent).

Based on these contacts, the Court concludes that NSPI has purposefully availed itself of the privilege of acting within the

state. NSPI serves as a trade association representing the swimming pool industry. In that capacity, it solicits members, advertises and lobbies on their behalf, and publishes numerous brochures advising consumers, among other things, to buy only from NSPI members. It has performed these activities in Michigan. Thus, in light of the business purposes· of NSPI, the Court concludes that NSPI has purposefully availed itself of business opportunities within Michigan.

Under the second prong of the *Southern Machine Co.* test, the Court is required to consider whether the cause of action asserted arises from the kind of activity identified under the first prong. The Court concludes that it does. Without reaching any opinion at this point on the viability of the causes of action asserted by plaintiffs, the Court notes that several theories have been advanced in plaintiffs' amended complaint. Among the tort claims advanced are negligent misrepresentation, fraud and deceit, negligent failure to warn, and violation of a duty undertaken on behalf of a third party (Restatement of Torts 2d § 324A). Plaintiffs also allege that defendant NSPI had a duty under the federal Consumer Products Safety Act to report potential defects of swimming pools marketed by its members. Each of these theories is related to NSPI's activities in Michigan as an association dedicated to promoting the products of its members. Thus, the second prong is satisfied.

Finally, *Southern Machine Co.* held that the acts of defendant must have a substantial enough connection with the forum state to make the exercise of personal jurisdiction over the defendant reasonable. One factor to consider in this regard is whether the State of Michigan has an interest in resolving the conflict at issue. *In-Flight Devices Corp. v. Van Dusen Air, Inc.,* 466 F.2d 220, 232 (6th Cir.1972); *Southern Machine Co., supra,* at 384; *see also Keeton v. Hustler Magazine, Inc.,* —— U.S. ——, 104 S.Ct. 1473, 1479–81, 79 L.Ed.2d 790 (1984). The Court concludes that the State of Michigan at least has an interest in ensuring that information upon which its consumers rely is accurate and not deceptive. Another factor to consider is whether defendants could forsee that, based on their activity within the state, they would be haled into Court. *World-Wide Volkswagon Corp., supra,* 444 U.S. at 297, 100 S.Ct. at 567. The Court finds that the facts of this case are such that defendant NSPI could have reasonably anticipated such a suit. In particular, the Court notes that NSPI, in its 1984 brochures, urges Michigan consumers to purchase only from NSPI distributors. It advises consumers that, when they purchase from an NSPI member, they can expect superior product quality and service integrity and that NSPI members have agreed to abide by a strict ethics code governing business, construction and advertising practices. NSPI, *We Meet Your High Standards,* (March 1984). Plaintiffs allege that similar brochures were being distributed in Michigan at the time the injuries subject to this lawsuit occurred. The Court concludes from these representations of NSPI that NSPI asks consumers to rely upon its advice. NSPI cannot be surprised when a disappointed consumer brings suit when that consumer believes NSPI failed to live up to its representations. *See In-Flight Devices Corp. v. Van Dusen Air, Inc.,* 466 F.2d 220, 233–34 (6th Cir.1972); *accord Arnstein v. Manufacturing Chemists Association, Inc.,* 414 F.Supp. 12 (E.D.Pa.1976) (finding personal jurisdiction over non-resident chemical industry trade association that had some members in the state, collected dues, distributed various educational publications, and recommended safety standards for the chemical industry).

Accordingly, NSPI's motion to dismiss is denied.